**UNITED STATES v. NESTORI. SAME v. TORIGGAINI. SAME v. PLANT et al.**

(District Court, N. D. California. S. D. December 15, 1925.)

Nos. 17167, 17309, 17332.

**1. Intoxicating liquors ⬀249—Prohibition agent may personally receive and execute search warrants.**

Prohibition agent may personally receive and execute search warrants.

**2. Searches and seizures ⬀3—Captions or directions essential parts of warrants.**

Captions or directions are essential parts of search warrant.

**3. Intoxicating liquors ⬀249—Search warrants directed to divisional chief, or general prohibition administrator and his assistants, agents, etc., held good.**

Search warrants, directed to named person as "Divisional Chief, General Prohibition Agents," or as "General Prohibition Administrator," and "his assistants, agents, and inspectors," etc., *held* valid under Espionage Act, tit. 11, § 6 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼f), though there is no officer technically designated as assistant to federal prohibition agent.

**4. Searches and seizures ⬀3—Courts should not attach undue influence to purely formal considerations in passing on validity of search warrants.**

Undue influence should not be attached to purely formal considerations in passing on validity of search warrants. ·

Motions by Adolph Nestori, Frank Toriggaini, and Marie Plant and Patsy Bufis to suppress evidence. Motions denied.

George J. Hatfield, U. S. Atty., and Thomas J. Riordan, Chief Deputy U. S. Atty., both of San Francisco, Cal.

Edouard A. O'Dea, of San Francisco, Cal., for first two defendants named.

William B. Hornblower, of San Francisco, Cal., for other defendants.

KERRIGAN, District Judge. These are motions to suppress evidence, based in each case on the ground that the warrant by virtue of which search was conducted and the evidence obtained is null and void. The direction in each warrant was to a particular agent as "Divisional Chief, General Prohibition Agents, Division No. 18, the State of California," or as "General Prohibition Administrator," in and for said state, "and to his assistants, agents, and inspectors and any or either of them." The objection is that there is no class of officers known to the laws of the United States as assistants, or as agents, or as inspectors, either of Divisional Chiefs of General Prohibition Agents, or of General Prohibition Administrators.

Defendants rely entirely on Leonard v. United States, 6 F.(2d) 353, 355, where the Circuit Court of Appeals for the First Circuit recently held that search warrants directed to an individual as federal prohibition or general federal prohibition agent, "and his assistants or any or either of them," were invalid for the reason put forward against the validity of the process now questioned.

[1-3] The question of the authority of a prohibition agent personally to receive and execute search warrants has been finally disposed of by the Supreme Court. Such authority undoubtedly exists. Steele v. United States, 267 U. S. 505, 507, 45 S. Ct. 417, 69 L. Ed. 761; Dumbra et al. v. United States, 268 U. S. 435, 437, 45 S. Ct. 546, 69 L. Ed. 1032. In the present cases the warrants were executed by duly appointed and fully authorized agents, and no right of defendants was infringed by reason of the method of service. It is claimed, however, that by virtue of the captions or directions, which, of course, are an essential part of them, they gave the right to search and seize to a class of persons who were not officers "authorized to enforce or assist in enforcing" the laws of the United States. Espionage Act, Title 11, § 6 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼f).

That there is no such officer technically designated as an assistant to a federal prohibition agent may be admitted. But it does not necessarily follow that warrants directed to the assistants of a named federal prohibition agent are void. In Gandreau v. United States (C. C. A. 1) 300 F. 21, 25, the three judges who later decided Leonard v. United States, supra, had occasion to determine whether or not a warrant directed to the marshal of the district, "or any of his deputies, or any federal prohibition agent, or any civil officer of the United States duly authorized to enforce any law thereof," was valid. They held that it was. Judge Bingham, who wrote both opinions, explained the earlier holding as follows: "It was held * * * that the direction was good, *being addressed to a class of officers, any one of whom was authorized to execute it.*" Leonard v. United States, supra.

Yet it is a well-known fact that search warrants in liquor cases are served by groups of agents acting in co-operation with each other, and that the "assistants" referred to in them are qualified federal or general prohibition agents, who customarily "assist," or participate in, such searches and seizures.

The decision of the First Circuit Court of Appeals therefore amounts to this: Not only must a search warrant be directed to a class of persons, all of whom are officers authorized to enforce or assist in enforcing the laws of the United States, but it must name them, not as they customarily are named, but by their official statutory designation. To such a statement of the law, after full consideration, I am unable to agree. Divisional chiefs and general prohibition agents certainly have "assistants, agents, and inspectors," though they may not be so described in any statute. Congress has, as a matter of fact, made no designation whatever of the different grades of officials to whom enforcement of the National Prohibition Act has been intrusted, and the instant cases for that reason are stronger than the Leonard Case. But, treating them as indistinguishable from it, I think these warrants must be held good, for they meet, in my opinion, the very test which it lays down.

In Boehm v. United States, 6 F.(2d) 497, 498, the Circuit Court of Appeals for the Seventh Circuit held that a warrant to search and seize, addressed to "C. W. Versell, Group Chief of Federal Prohibition Enforcement Officers, *or his deputies or any or either of them,*" was properly directed. There is no more a "deputy" prohibition agent, known (as such) to the laws of the United States, than there is an "assistant" prohibition agent, and the case therefore is an authority in point, indistinguishable from the Leonard Case, and inconsistent with its result.

[4] While the substantial rights of our citizens must be preserved, and their constitutional guaranties upheld, the courts should not be astute to increase the difficulties of the executive department by attaching undue influence to purely formal considerations. These captions have been accepted in hundreds of cases, and aptly describe in conventional language proper civil officers of the United States. To invalidate them under such circumstances would be to disregard substance, and to give undue importance to technicality.