## UNITED STATES v. TOLOMEO.
### No. 11293.

District Court, W. D. Pennsylvania.

Dec. 8, 1943.

738

Charles F. Uhl, U. S. Atty., and Morris D. Canter, Asst. U. S. Atty., both of Pittsburgh, Pa., for the United States.

Warren H. Van Kirk, of Pittsburgh, Pa., for defendant.

GIBSON, District Judge.

The defendant has moved the court to quash a search warrant, issued on January 6, 1943, to Joseph E. Thornton, Special Agent in Charge, and Martin A. Manley, Special Agent, Federal Bureau of Investigation, Civil Officers of the United States, "his Agents or Deputies, or any or either of them"; and to suppress the evidence obtained upon the service of the warrant.

■ The defendant attacks the validity of the service of the warrant, first, because it was not served by the officers specifically named as persons to whom it was issued. It was served by F. B. I. agents under the charge of the officers named and mentioned, although not by name, in the warrant. The service was not vitiated by service by officers other than those specifically named. United States v. Nestori, D. C., 10 F.2d 570.

■ The issuance of the search warrant was further attacked upon the ground that the affiant's affidavit, pursuant to which it was issued, was made only upon information and belief, and not from direct knowledge of the affiant. The ultimate fact may be as alleged in defendant's petition, but it does not appear in the affidavit. The only charge in it stated to be made upon information is that affiant's informants received from the defendant one Detecto Scales and a quantity of Holbrooke candy. The charge of theft and the concealment of part of the stolen property in the house to be searched is directly made. But even if the affidavit appeared as having been made wholly upon information and belief, that fact would not invalidate the warrant except possibly as to its authorization of a

search at night. Reasonable grounds for belief imply probable cause. Commonwealth v. Hunsinger, 89 Pa.Super. 238, 241.

The third ground upon which the defendant seeks suppression of the evidence is his contention that the affidavit did not sustain the right of the officers to serve the warrant at night.

Section 620, Title 18 U.S.C.A. reads as follows: "A judge or a commissioner must insert a direction in the warrant that it be served in the daytime, unless the affidavits are positive that the property is on the person or in the place to be searched, in which case he may insert a direction that it be served at any time of the day or night."

■ It will be noted that the status of the night search depends upon the definition of the word "positive" in the statute. It may be defined as explicit; or absolute or direct. Counsel for the defendant contends that under the term no night search can be authorized upon an affidavit made upon information and belief. The court does not agree with this contention. If personal knowledge of the affiant is required few search warrants would authorize a night search (which, after all, is a desirable practice). The statute does require a direct, explicit declaration in the affidavit that the property, the object of the search, is on the property to be searched. The affidavit in suit does contain such a declaration. It contains the following: "That your affiant states that one of said Detecto Scales and the remainder of said Holbrooke candy were and are now concealed in the dwelling house of said Harry Tolomeo at the above described premises." (820 Gearing Avenue, South Hills, Pittsburgh, Pa.)

The printed form part of the affidavit states that affiant "* * * has good reason to believe and does believe that in and upon certain premises * * * there have been and are now located and concealed certain property", etc. The verbiage last quoted is not in conflict with the direct charge that the stolen goods were concealed in the premises to be searched.

The court being of opinion that the affidavit justified the issuance of a warrant authorizing a search at night, the petition of the defendant will be denied and dismissed.