458 P.2d 96

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Thomas DALRYMPLE, Defendant-Appellant.**

**No. 280.**

Court of Appeals of New Mexico.

Aug. 8, 1969.

George H. Perez, Montoya & Montoya and George H. Perez, Albuquerque, for appellant.

James A. Maloney, Atty. Gen., James V. Noble, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

SPIESS, Chief Judge.

Dalrymple was convicted under four counts of two indictments charging conspiracy to commit a felony (40A–28–2 N. M.S.A.1953) and receiving stolen property (40A–16–11 N.M.S.A.1953). Prior to and during the trial he moved unsuccessfully to suppress certain evidence consisting of loot allegedly stolen from various places of business. The loot tendered and received in evidence had been seized during several nighttime searches which were executed under three search warrants. The basis of objection to the admissibility of the evidence so seized is that the warrants were incompetent upon their face to authorize a night search, and, as a consequence, each

search and seizure was illegal and unreasonable. With this contention we agree.

The issuance of search warrants is regulated by Section 41–18–1 N.M.S.A. 1953 (Laws of 1967, Chapter 245). To the extent material here the statute provides:

"\* \* \* It shall command the officer to search forthwith the person or place named for the property specified. The warrant shall direct that it be served in the daytime, but if the affidavits are positive that the property is on the person or in the place to be searched, the warrant may direct that it be served at any time. \* \* \*"

Section 41–18–2 N.M.S.A.1953 (Laws of 1967, Chapter 245) specifies the form of the search warrant which may be issued. A directive contained in the form is "\* \* \* you are commanded in the daytime (or at any time of the day or night according to the provisions of section 41–18–1(C) New Mexico Statutes Annotated, 1953 Compilation) to make immediate search of the person (or the place) \* \* \*."

The warrants under which these searches were conducted are the forms which were in use prior to the 1967 statute and contain no direction with respect to the time of execution. The use of these warrants was doubtless due to a lack of familiarity on the part of police and issuing magistrates with the requirements of the 1967 statute.

In People v. Mills, 251 Cal.App.2d 420, 59 Cal.Rptr. 489 (1967), the court had before it the propriety of a search and seizure under circumstances similar to those involved here. We also note that the California statute considered contains substantially the same language as our statute. In the Mills case the court concluded:

"Search of a person's home or his effects is a drastic intrusion upon personal rights; therefore statutes regulating the use of search warrants should be construed in favor of the individual.

(Sgro v. United States (1932) 287 U.S. 206, 210, 53 S.Ct. 138, 77 L.Ed. 260.) Daytime service is to be preferred to search at night; therefore, where a statute authorizes nighttime service when certain requirements are met, the warrant must conform to the statutory requirements in every material detail. (See King v. United States (4th Cir. 1960) 282 F.2d 398, 400; United States v. Borkowski (D.C. Ohio 1920), 268 F. 408, 410—411.) The requirements of search warrant statutes are mandatory in every material respect. (Talley v. State (1961) 208 Tenn. 275, 345 S.W.2d 867, 869; State v. Vuin (Ohio Ct.Com. Pleas 1962) 185 N.E.2d 506, 509—510; see also In re Raner (1963) 59 Cal.2d 635, 639, 30 Cal.Rptr. 814, 381 P.2d 638; 79 C.J.S. Searches and Seizures § 79, pp. 882—883.) Penal Code section 1533 provides: 'On a showing of good cause therefor, the magistrate may, in his discretion, insert a direction in the warrant that it may be served at any time of the day or night; in the absence of such a direction, the warrant may be served only in the daytime.'

"Here the mandatory requirement that the magistrate exercise his discretion by inserting a direction has not been met. Because the warrant was not made to conform to either of the options open to the magistrate, this court cannot determine whether or not he exercised the discretion vested in him by the statute. The householder is entitled to the assurance that the magistrate has considered and decided whether the facts justify a night search. Contrary to that principle, the warrant here was issued in such form as reasonably to suggest an inference that the question of time of search was overlooked. Failure to insert a direction as to day or night service is not fatal where the warrant was executed in the daytime. (People v. Daily (1958) 157 Cal.App.2d 649, 653, 321 P.2d 469; see also People v. Prieto (1961) 191 Cal.App.2d 62, 65, 12 Cal.Rptr. 577;

overruled on other grounds, People v. Butler (1966) 64 Cal.2d 842, 844–845, 52 Cal.Rptr. 4, 415 P.2d 819.) But night search is not authorized unless a direction to that effect is inserted."

In our opinion the service of a search warrant in the nighttime to be valid and reasonable requires an express determination by the issuing magistrate or judge that it may be served "at any time."

It appears to us that whether a proper basis for determining whether a search may be made at any time is expressed in the affidavits is clearly a matter to be determined by the issuing magistrate or judge and evidenced by the language of the warrant which is issued.

We conclude that a nighttime search is not authorized in the absence of appropriate direction contained in the warrant and consequently the searches involved here were illegal and unreasonable and the motion to suppress should have been granted.

In an effort to support the action of the trial court the appellee argues that the affidavits upon which the search warrants were issued were sufficient to authorize a search at any time and, hence, substantially complied with the statute. It contends that the failure of the warrant to specifically direct a search at any time was merely an irregularity. The difficulty with this argument is that it ignores the plain requirement of the statute that the issuing magistrate or judge shall make an affirmative determination as to whether the warrant may be executed other than in the daytime.

Dalrymple further asserts that the trial court erred in not directing a verdict of acquittal as to three counts. He argues that the proof as to these three counts was purely circumstantial and insufficient as a basis for conviction. We have reviewed the record and are unable to agree with this contention.

The evidence consisting of the loot admitted over the motion to suppress was clearly of significance in relation to the counts of which defendant was convicted. As a consequence, in our opinion, a new trial should be required as to such counts.

The case is remanded to the district court with directions to set aside the judgment and sentence and to award a new trial.

It is so ordered.

OMAN and HENDLEY, JJ., concur.