549 P.2d 282

**STATE of New Mexico, Petitioner,**

v.

**Ruben B. BACA, Jr., Respondent.**

**No. 10793.**

Supreme Court of New Mexico.

April 14, 1976.

Rehearing Denied May 5, 1976.

Toney Anaya, Atty. Gen., Don Montoya, Asst. Atty. Gen., Santa Fe, for petitioner.

Chester H. Walter, Jr., Chief Public Defender, Bruce L. Herr, Appellate Defender, Santa Fe, for respondent.

## OPINION

McMANUS, Justice.

This case comes to us on petition by the state for a writ of certiorari, after the Court of Appeals reversed defendant's conviction and remanded for a new trial. In its petition the state argues that the Court of Appeals erred in reversing the trial court's decision not to grant a mistrial when a witness, in response to a question by the state, commented on the defendant's silence. Under the circumstances of this case we agree, and reverse the Court of Appeals. (It should be noted that the decision of the Court of Appeals came to us in the form of a memorandum opinion which was never published.)

During the course of the trial, the state called Detective Crespin and asked him whether he had "at any time interview[ed] the defendant?" He responded:

"Yes, my first contact with the defendant was about 12:05 on the 6th of September. I took him from the jail section, took him upstairs to our investigation section and the first thing I did was advise him of his rights to which he told me he understood. I filled out the standard advice of rights form, and asked him to read it, and read it to him, asked if he understood his rights, which he did. I also had him initial each statement to the form to indicate that he read and understood each one. I then explained a waiver of rights to him and he

told me at the time he did not wish to talk to me, he wanted an attorney before he said anything. At that time I terminated the interview, took him to the jail."

This testimony appears to have been unsolicited, and possibly inadvertent. Nevertheless, the Court of Appeals held this testimony to be so intolerably prejudicial as to require reversal. In arriving at this conclusion the Court relied upon its previous case of *State v. Lara*, 88 N.M. 233, 539 P.2d 623 (Ct.App.1975) which held that:

"If defendant's silence lacks significant probative value, any reference to defendant's silence has an intolerable prejudicial impact requiring reversal."

We, therefore, find it necessary to distinguish and limit *State v. Lara* to those situations where the prosecutor is directly responsible for the improper comment on the defendant's silence.

In *State v. Lara*, the state prosecutor specifically inquired about the defendant's silence. The Court of Appeals based its reversal on the reasoning in *United States v. Hale*, 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975). There the United States Supreme Court affirmed a reversal of Hale's conviction holding that:

" * * * the probative value of respondent's pretrial silence in this case was outweighed by the prejudicial impact of admitting it into evidence." Id. 95 S.Ct. at 2135.

We would agree that where, as in *United States v. Hale*, and *State v. Lara*, the prosecutor comments on or inquires about the defendant's silence, such a reference can have an intolerable prejudicial impact and may require reversal under the "plain error" rule of our Rules of Evidence (rule 103(d)).

We are unwilling to go so far as to say that *any* comment on the defendant's silence must result in a mistrial, or a reversal of the defendant's conviction. We would draw the line between those comments which can be directly attributed to the prosecutor and those comments incorporated within the testimony of a witness. Any reference to the defendant's silence by the state, if it lacks significant probative value, constitutes plain error under rule 103(d) of the New Mexico Rules of Evidence. As such it would require reversal, as stated in the Lara case, even if the defendant fails to timely object. However, where the witness refers to the defendant's silence, the defendant must object to this testimony as required by rule 103(a) in order to preserve the error. In such a situation the defendant would simply be objecting to the testimony of the witness as being inadmissible under either rule 403 or rule 402 of the New Mexico Rules of Evidence. The trial court would rule on this objection and defendant could obtain a review of that ruling on appeal.

In this case the defendant failed to timely object to Detective Crespin's lengthy response. We are inclined to say that the defendant thereby waived his right to object to this testimony. Nevertheless, assuming, *arguendo*, that the defendant's motion for a mistrial constituted a timely objection to the introduction of the testimony, we still come to the same conclusion, i. e., that the trial court correctly denied that motion since there was no showing that the probative value of the testimony was substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury as required by evidentiary rule 403.

The Court of Appeals is reversed as to this issue and the judgment of the trial court is affirmed and reinstated.

IT IS SO ORDERED.

OMAN, C. J., and STEPHENSON, MONTOYA and SOSA, JJ., concur.