679 P.2d 811

**STATE of New Mexico, Petitioner,**

v.

**Travis HAUSLER, Respondent.**

**No. 15251.**

Supreme Court of New Mexico.

March 28, 1984.

Paul Bardacke, Atty. Gen., Ida M. Lujan, Asst. Atty. Gen., Santa Fe, for petitioner.

Payne & Mitchell, Gary C. Mitchell, Ruidoso, for respondent.

## OPINION

FEDERICI, Chief Justice.

This case is before us on writ of certiorari from the Court of Appeals. The issue on appeal is whether the fruits of a nighttime search conducted pursuant to a constitutionally valid search warrant must be suppressed for failure to set out in the affidavit a sufficient factual basis giving reasonable cause to execute the warrant after 10:00 p.m. and before 6:00 a.m., pursuant to NMSA 1978, Crim.P.Rule 17(b) (Repl. Pamp.1980). The facts involved are adequately stated in the Court of Appeals opinion, *State v. Hausler*, 101 N.M. 161, 679 P.2d 829, (Ct.App.1983). In that opinion, the Court of Appeals held that: (1) the factual basis for reasonable cause to make a nighttime search must appear on the face of the affidavit upon which the search warrant was executed; (2) that the affidavit in this case failed to provide such a factual basis; and (3) that the exclusionary rule should be applied to suppress the fruits of the searches which resulted from the issuance of the original search warrant. We reverse the Court of Appeals on its first holding. Due to our determination on this issue, we need not address the other issues raised on appeal.

In *State v. Dalrymple*, 80 N.M. 492, 458 P.2d 96 (Ct.App.1969), improperly seized evidence was excluded because the warrant did not contain an express determination that it could be served at any time. At the time *Dalrymple* was decided, NMSA 1953, Section 41–18–1(C) (Supp.1967) was in effect, and stated, in part, that:

> The warrant shall direct that it be served in the daytime, but *if the affidavits are positive* that the property is on the person or in the place to be searched, the warrant may direct that it be served at any time. (Emphasis added).

The Court of Appeals in *Dalrymple* properly held that, absent language in the warrant authorizing a nighttime search, it was impossible to determine whether the magistrate exercised the discretion vested in him to allow a nighttime search. In the present case, the magistrate authorized a nighttime search, but there were no allegations contained in the affidavit stating the reason why it should be allowed.

There have been changes in the requirements for search warrants authorizing nighttime searches since *Dalrymple* was decided. The statutory provision applicable to *Dalrymple* was replaced by NMSA 1953, Section 41–23–17(b) (Supp.1973). The applicable provision of that rule stated that:

> A search warrant shall direct that it be served between the hours of 6:00 a.m. and 10:00 p.m., according to local time, but *if the sworn written statement is positive* that the property is on the person or in the place to be searched and states probable cause to believe that the property may be moved or destroyed unless seized immediately, the warrant may direct that it be served at any time. (Emphasis added).

We note that the rule still required, as did the statute when *Dalrymple* was decided, that the affidavit contain the language justifying a nighttime search.

The rule was again changed in 1974. The new rule provided that:

> A search warrant shall direct that it be served between the hours of 6:00 a.m. and 10:00 p.m., according to local time, but *if the sworn written statement is positive* that the property is on the person or in the place to be searched and states probable cause to believe that the property may be moved or destroyed unless seized immediately, the warrant may direct that it be served at any time.

NMSA 1953, § 41–23–17(b) (Supp.1975) (emphasis added). The 1974 change still required the sworn written statement to contain the justification for the nighttime search.

The rule was once again amended in 1980 and since that time our requirements for issuance of search warrants authorizing nighttime searches has been governed by NMSA 1978, Crim.P.Rule 17(b) (Repl.Pamp. 1980).

Rule 17(b) states that:

A search warrant shall direct that it be served between the hours of 6:00 a.m. and 10:00 p.m., according to local time, unless the issuing judge, by appropriate provision in the warrant, and for *reasonable cause shown*, authorizes its execution at any time. (Emphasis added.)

In its present form, the rule does not require proof positive, nor does it require that the "reasonable cause" necessary for issuance of a search warrant authorizing a nighttime search be contained in the affidavit.

In the present case, it was error to automatically exclude the evidence seized pursuant to the original search warrant and the two search warrants which followed. The original warrant was issued explicitly stating that it could be executed "at any time of the day or night." Even though the affidavit did not provide a substantial factual basis to justify the nighttime search, evidence should have been taken by the trial court to determine whether "reasonable cause" was presented to the magistrate, apart from the affidavit, which would support a nighttime search. We therefore reverse the Court of Appeals.

This case is remanded to the trial court for further proceedings consistent with this opinion.

IT IS SO ORDERED.

RIORDAN and STOWERS, JJ., concur.

WALTERS, J., and SOSA, Senior Justice, dissent.

WALTERS, Justice (dissenting).

I respectfully dissent.

The rule promulgated by this Court, NMSA 1978, Crim.P.R. 17(b) (Repl.Pamp. 1980), is an implicit statement that, in New Mexico, night-time searches are *per se* unreasonable, else the requirement that reasonable cause be shown to permit service of search warrants between the hours of 10:00 p.m. and 6:00 a.m. is itself without a basis in reason or in policy. If those seeking search warrants are not required to show reasonable cause on the face of the affidavit, but are allowed to rectify an insufficient affidavit. after the search has taken place, all kinds of mischief become permissible and take on the approval of the Court. The whole purpose of the exclusionary rule is to prevent police officers from shortcutting constitutional protections from unreasonable searches and seizures. The rule operates effectively by requiring suppression of evidence seized through invalid warrants or illegal searches. If the conduct of a night-time search is improper and illegal except "for reasonable cause shown," it is only common sense to insist that the record support a showing of reasonable cause before the warrant issues.

Our government is the potent, the omnipresent teacher. For good or ill, it teaches the whole people by its example * * * If the government becomes a lawbreaker, it breeds contempt of law; it invites every man to become a law unto himself; it invites anarchy.

So said Mr. Justice Brandeis more than fifty years ago in *Olmstead v. United States,* 277 U.S. 438, 48 S.Ct. 564, 72 L.Ed. 944 (1928).

As an arm of the government, the judiciary should not condone circumvention by any other government agency or officials of what this Court's rule establishes as a constitutional requirement for issuance and execution of a valid night-time search warrant. Judge Lopez accurately analyzed the issue in the opinion of the Court of Appeals.

Being unable to agree with the result reached by the majority concerning the need for reasonable cause to search at night to be shown in the affidavit, I respectfully dissent.

SOSA, Senior Justice

I am also unable to join the majority in this opinion and therefore concur with the views expressed by Justice Walters in her dissent.