679 P.2d 814

**STATE of New Mexico, Petitioner,**

v.

**Nick MOLINA, Respondent.**

**No. 15269.**

Supreme Court of New Mexico.

March 29, 1984.

Paul Bardacke, Atty. Gen., Ida M. Lujan, Asst. Atty. Gen., Santa Fe, for petitioner.

Janet Clow, Chief Public Defender, Henry R. Quintero, Asst. Appellate Public Defender, Santa Fe, for respondent.

### OPINION

FEDERICI, Chief Justice.

This is a criminal action which was brought in Valencia County. Nick Molina (respondent) was charged with and convicted of possession with intent to distribute heroin. Respondent appealed the conviction to the Court of Appeals on two issues: (1) whether the trial court should have suppressed evidence seized pursuant to a nighttime search warrant; and (2) whether the prosecutor violated respondent's right to remain silent while cross-examining him during trial. The Court of Appeals reversed, finding that questions by the prosecutor violated respondent's fifth amendment right to remain silent. We granted the State's petition for certiorari. We reverse on the issue of violation of the right to remain silent and affirm on the issue relating to the search warrant.

On May 19, 1982, pursuant to information gained from surveillance and from a confidential informant, police went to the magistrate judge with an affidavit for issuance of a nighttime search warrant. After execution of the warrant at 11:35 p.m., police officers seized six foil packets containing heroin, $83.00 in cash, and a variety of drug paraphernalia from the respondent's person and from his home.

Respondent moved to suppress all evidence seized under the warrant on the grounds that a nighttime search was improper and illegal. The trial court denied the motion. On appeal, the Court of Appeals held that reasonable cause existed for

a nighttime search and that facts establishing reasonable cause appeared on the face of the affidavit, even though this was not required. *Cf. State v. Hausler,* 679 P.2d 811 (N.M.1984).

Respondent next argues that the trial court committed reversible error in allowing the prosecutor to ask questions pertaining to respondent's post-arrest silence. On cross-examination, the following exchange took place:

[PROSECUTOR]: Have you ever told anybody that this was Peggy Sharp's heroin until today?

[DEFENDANT]: Oh, no. I talked about it, yes.

Q: Okay. Did you ever contact the DA's office?

A: No.

Q: Did you ever contact the police department about whose heroin it is?

A: I'm not that friendly with the police department. Didn't you know? They're not my friends, you know. Why should I want to say that?

Q: Because you had a defense, I thought.

Respondent did not object to the questions at the time of trial and did not raise the issue in his docketing statement. Therefore, respondent must rely upon the plain error doctrine to support this issue on appeal.

Improper comment on respondent's fifth amendment right to remain silent may constitute plain error which will support a reversal. NMSA 1978, Evid.R. 103(d) (Repl.Pamp.1983); *State v. Ramirez,* 98 N.M. 268, 648 P.2d 307 (1982); *State v. Lara,* 88 N.M. 233, 539 P.2d 623 (Ct.App. 1975). It is not true, however, "that *any* comment on the defendant's silence must result in a mistrial, or a reversal of the defendant's conviction." *State v. Baca,* 89 N.M. 204, 205, 549 P.2d 282, 283 (1976). *Baca* limits the plain error rule to situations, "where the prosecutor is directly responsible for the improper comment on the defendant's silence." *Id.* The record shows that the questions which were asked by the prosecution logically ensued and were in fact invited by testimony voluntarily brought out by the defendant himself on his direct examination.

Additionally, in order to constitute reversible error, the prosecution's comments must be directed at respondent's *post-arrest* silence. *United States v. Hale,* 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975); *State v. Romero,* 94 N.M. 300, 609 P.2d 1256 (Ct.App.1980). Although questions such as those asked by the prosecutor in this case could be construed in some instances to include post arrest silence, this does not appear to be the case here. Respondent had previously testified that the heroin was not his, and that he had talked about this fact with other persons. In this context it was not improper to permit reasonable cross-examination of respondent about other persons which he may have contacted concerning possession of heroin by respondent that did not belong to him. *See State v. McGee,* 95 N.M. 317, 621 P.2d 1129 (Ct.App.1980). We have reviewed the evidence bearing upon the comments made and questions asked by the prosecution and find that they do not rise to the level of plain error nor does the prejudicial effect of the cross-examination outweigh its probative value. The opinion of the Court of Appeals is affirmed on the issue relating to the search warrant and reversed on the issue of the right to remain silent.

IT IS SO ORDERED.

SOSA, Senior Justice, and RIORDAN, STOWERS and WALTERS, JJ., concur.