This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                     **NO.  33,098**

**NELSON STEAD,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Defendant appeals following his conviction at a jury trial on four counts of criminal sexual penetration of a minor in the second degree (child under 13) and three counts of false imprisonment, contending that the district court erred in not granting a mistrial following defense objections to two questions by the prosecutor that allegedly "prejudicially touched on Defendant's Fifth Amendment right to remain silent." [DS 6-7] This Court issued a calendar notice proposing summary affirmance. Defendant filed a memorandum in opposition to this Court's notice of proposed disposition and a motion to amend the docketing statement, both of which we have duly considered. Unpersuaded, we affirm.

{2}     In our calendar notice, we examined the content and context of the prosecutor's questions and the witness's sole answer and we proposed to determine that the comments on Defendant's silence in this case appear to have been, at most, indirect and ambiguous. [CN 6] In the present case, like in *State v. Baca*, 1976-NMSC-015, ¶ 5, 89 N.M. 204, 549 P.2d 282, the prosecutor's first question was in regard to whether the police officer had interviewed Defendant. However, unlike in *Baca* where the officer's response directly addressed the defendant's invocation of his *Miranda* rights, the witness in the current case was unable to answer the question due to a sustained objection. Likewise, the officer's testimony in response to the prosecutor's

question as to whether she had met with Defendant face to face did not contain any information directly regarding Defendant's silence.

{3}     In his memorandum in opposition, Defendant points us to *State v. Lara*, 1975-NMCA-095, ¶ 10, 88 N.M. 233, 539 P.2d 623, for the proposition that "[i]f [the] defendant's silence lacks significant probative value, any reference to defendant's silence has an intolerable prejudicial impact requiring reversal." [MIO 9] However, we recognize that our Supreme Court in *Baca* found it "necessary to distinguish and limit [*Lara*] to those situations where the prosecutor is directly responsible for the improper comment on the defendant's silence." *Baca*, 1976-NMSC-015, ¶ 3. While Defendant asserts that "the State twice elicited from the lead detective a comment on [Defendant's] silence" [MIO 8], this conclusory statement does not distinguish the prosecutor's questions in this case from the question asked in *Baca*. We note that the Court in *Baca* did not characterize the prosecutor's question as directly eliciting a response on the defendant's silence, but rather analyzed the content of the witness's answer. *Id*. ¶¶ 5-6. Therefore, we conclude that here, as in *Baca*, the prosecutor's questions did not directly elicit a response from Detective Chavez regarding Defendant's silence.

{4}     Additionally, the content of Detective Chavez's testimony included no response to the first question—due to the sustained objection—and the statement "I did not" in

3

response to the second question. [DS 5] In light of the foregoing, and relying on *Baca*'s observation that "[w]e are unwilling to go so far as to say that any comment on the defendant's silence must result in a mistrial, or a reversal of the defendant's conviction[,]" *id*. ¶ 5, we are not convinced that the district court abused its discretion in denying Defendant's motion for a mistrial in this case.

{5}    Furthermore, in regard to Defendant's contention that the prosecutor's questions "prejudicially touched on Defendant's Fifth Amendment right to remain silent" [DS 6-7], we explained in our calendar notice that we are unaware of any authority that extends the Fifth Amendment's due process clause protection against prosecutorial comment to a defendant's pre-arrest and pre-*Miranda* silence. [CN 5] Thus, we proposed to hold that even if the prosecutor's questions did elicit a response on Defendant's silence, the comments themselves did not implicate Defendant's right to remain silent as protected by the Fifth Amendment, and therefore, were not improper. [CN 5] In response, Defendant has not provided us with any authority to establish that pre-arrest and pre-*Miranda* silence is protected by the Fifth Amendment, and in fact candidly cites us to *Salinas v. Texas*, ___ U.S. ___, 133 S.Ct. 2174 (2013), for the proposition that "the use of pre-arrest silence as substantive evidence is *not* a violation of a [d]efendant's Fifth Amendment rights." [MIO 7-9] {6}    Instead, Defendant points us to *Degraff*, 2006-NMSC-011, ¶ 15, 139 N.M. 211, 131 P.3d,

4

where the Court stated that in the absence of controlling federal law, comments on silence are still subject to the rules of evidence. [MIO 8] Without determining whether *Salinas* controls in this case, we observe that it is unclear from the docketing statement and the memorandum in opposition whether Defendant made a particular evidentiary objection to the prosecutor's questions at trial, or whether the objections at trial were more generally linked to the alleged Fifth Amendment violation.

{7} In an attempt to clarify, Defendant has provided this Court with a motion to amend his docketing statement to include "a Rule 11-403 challenge to the testimony on [Defendant's] pre-arrest silence." [MIO 1] *See* Rule 12-208(F) NMRA (permitting the amendment of the docketing statement based upon good cause shown); *State v. Rael*, 1983-NMCA-081, ¶¶ 15-16, 100 N.M. 193, 668 P.2d 309 (setting out requirements for a successful motion to amend the docketing statement). The essential requirements to show good cause for our allowance of an amendment to an appellant's docketing statement are: (1) that the motion be timely, (2) that the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) the issues raised are viable. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

**{8}** Defendant's motion to amend purports to explain how this issue was preserved in the district court. *See Rael*, 1983-NMCA-081, ¶¶ 15 (requiring a motion to amend the docketing statement to include those issues sought to be added and "how they were preserved" or showing "why they did not have to be preserved"). Specifically, Defendant states that "[t]rial counsel moved *in limine* to prevent the State from eliciting comments on [Defendant's] pre-arrest silence from Detective Chavez." [MIO 8] However, our examination of the motion itself [RP 89-91] and the quoted excerpt in Defendant's memorandum in opposition [MIO 2] reveal that not to be the case. While Defendant moved to exclude "[a]ny comments made by [] Defendant when Detective Chavez called Defendant over the telephone" pursuant to Rule 11-403 [MIO 2], there is no reference to Defendant's silence or to the fact that Defendant did not schedule a face to face interview with Detective Chavez. We see no reason to construe this motion *in limine* to encompass Defendant's silence when it clearly refers only to statements made by Defendant. Therefore, we conclude that the Rule 11-403 issue was not preserved by Defendant's motion *in limine*.

**{9}** As to the viability of the issue, Defendant points us to *Lara*'s statement regarding the "intolerable prejudicial impact" of references to Defendant's silence. 1975-NMSC-095, ¶ 10. However, as explained above, this case is distinguishable from *Lara* in that the comments on Defendant's silence, if any, were not directly

6

elicited by the prosecutor. Defendant's argument is blunted further by our Supreme Court's recognition that ambiguous and indirect comments, like those in this case, "are less likely to call a jury's attention to the defendant's exercise of his rights." *DeGraff*, 2006-NMSC-011, ¶ 8 (internal citation omitted). Consequently, given the content and context of the prosecutor's questions and the resultant answers, we are not persuaded that Rule 11-403 would have demanded a different result. This is especially the case where, as we noted in our calendar notice, the comments did not rise to the level where the district court's offered curative instruction would not have sufficiently alleviated any prejudice to Defendant. [CN 6] *See State v. Armijo*, 2014-NMCA-013, ¶ 9, 316 P.3d 902 ("*[G]enerally*, a prompt admonition from the court to the [j]ury to disregard and not consider inadmissible evidence sufficiently cures any prejudicial effect which might otherwise result.") (alterations in original) (internal quotation marks and citation omitted). Defendant's citation to *Armijo* for the proposition that the general rule does not apply where "inadmissible testimony [is] intentionally elicited by the prosecution," *id.* (alteration in original) (internal quotation marks and citation omitted) is not convincing given our determination that the prosecution in this case did not elicit the comment on Defendant's silence. Because we do not find that the issue is viable, we deny Defendant's motion to amend the docketing statement.

**{10}** Finding no error on the part of the district court, we need not address the issue of harmless error. Accordingly, for the reasons stated above, as well as those provided in our calendar notice, we affirm.

**{11}** **IT IS SO ORDERED.**

_____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Judge**

_____

**J. MILES HANISEE, Judge**