This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38533**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**KYLE RONALD ELTVEDT,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TORRANCE COUNTY**
**Matthew G. Reynolds, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
M. Victoria Wilson, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kimberly Chavez Cook, Appellate Defender
Santa Fe, NM
Victor E. Sanchez, Assistant Appellate Defender
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Following a jury trial, Defendant Kyle Ronald Eltvedt was convicted of escape from custody of a peace officer and criminal damage to property. Defendant argues, among other things, that there is insufficient evidence of the "lawful arrest" element of the escape charge, and the State concedes that Defendant is correct. We accept the State's concession and reverse Defendant's escape conviction. However, we conclude

that no reversible error occurred with respect to Defendant's conviction for criminal damage to property and therefore affirm that conviction.

## I.      Escape: Sufficiency of the Evidence

**{2}**     The State concedes that it failed to prove the lawful arrest element of the escape charge because it did not introduce sufficient evidence that Defendant had been arrested upon reasonable grounds to believe that he had committed aggravated assault with a deadly weapon, the felony underlying his arrest. *See generally* NMSA 1978, § 30-22-10 (1963); UJI 14-2223 NMRA. We are not bound by this concession, *State v. Tapia*, 2015-NMCA-048, ¶ 31, 347 P.3d 738, but, having reviewed the record under our familiar standard of review for sufficiency of the evidence, *State v. Garcia*, 1992-NMSC-048, ¶ 27, 114 N.M. 269, 837 P.2d 862, we agree that the evidence does not suffice to support the reasonableness of Defendant's arrest. Torrance County Sheriff's Deputy Ryan Collier testified that, responding to a reported assault and battery, he arrested Defendant based on information he received from the alleged victim. And Torrance County Sheriff's Detective Kent Ballard, after describing the normal procedure for making an arrest and the need for probable cause, testified on cross-examination that he did not have any reason to believe that procedure had not been followed in this case. But Deputy Collier did not explain what information he received from the alleged victim, and neither officer's testimony gave the jury an affirmative reason to conclude that Defendant had been arrested upon reasonable grounds. We therefore accept the State's concession that the evidence does not suffice to support Defendant's conviction.[1]

## II.      Criminal Damage to Property: Comment on Silence

**{3}**     We review Defendant's only remaining claim of error insofar as it pertains to his conviction of criminal damage to property (under $1,000). *See generally* NMSA 1978, § 30-15-1 (1963). Defendant argues that we should reverse because Deputy Collier commented on Defendant's invocation of his right to silence. We disagree.

**{4}**     Deputy Collier testified that he Mirandized Defendant upon arresting him. Later in the direct examination, the prosecutor asked Deputy Collier whether he had "additional contact with [D]efendant at the scene," and Deputy Collier responded that he "re-Mirandized" Defendant because he "just wanted to hear [Defendant's] side of the story," but that Defendant "refused to talk to [him]." When Defense counsel objected, the district court explained to the jury that the comment violated Defendant's constitutional rights, and the court admonished the jury to disregard it.

---

[1]Because we reverse Defendant's escape conviction for lack of sufficient evidence and because double jeopardy principles bar retrial on that charge, *see State v. Consaul*, 2014-NMSC-030, ¶ 41, 332 P.3d 850, we do not consider Defendant's other arguments as they relate to that conviction. Nor do we review Defendant's claim of ineffective assistance of counsel because he has asked us to review that claim only if we reject his sufficiency challenge.

**{5}**     Our review of the evidence at trial leads us to conclude that Deputy Collier's comment—which arose solely in response to a prosecutor's proper question, was isolated, was not repeated by the witness, and was not mentioned by the prosecutor during closing argument—did not taint the jury's verdict as to the criminal damage to property charge. *See State v. Molina*, 1984-NMSC-038, ¶ 5, 101 N.M. 146, 679 P.2d 814 ("It is not true . . . that *any* comment on the defendant's silence must result in a mistrial, or a reversal of the defendant's conviction." (text only) (citation omitted)); *State v. Baca*, 1976-NMSC-015, ¶ 5, 89 N.M. 204, 549 P.2d 282 (distinguishing between "those comments which can be directly attributed to the prosecutor and those comments incorporated within the testimony of a witness"). We also observe that the criminal damage charge was premised on the theory that Defendant broke the window of a holding cell door at the Torrance County Sheriff's Office—an act that Defendant admitted after he waived his right to silence in a later custodial interrogation, a video recording of which the State introduced at trial. Defendant's properly admitted statement leads us to conclude that there is no reasonable possibility that Deputy Collier's comment on Defendant's earlier invocation of his right to silence affected the jury's verdict on that charge and was therefore harmless. *See Gutierrez*, 2007-NMSC-033, ¶ 18. We therefore conclude that no reversible error occurred.

**CONCLUSION**

**{6}**     We reverse Defendant's escape conviction but affirm his conviction for criminal damage to property.

**{7}     IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**SHAMMARA H. HENDERSON, Judge**