This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41945**

**STATE OF NEW MEXICO,**

>       Plaintiff-Appellee,

v.

**JIMMY LOPEZ,**

>       Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Bruce Fox, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}**     This matter was submitted to this Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Defendant appeals from the district court's judgment and sentence, convicting Defendant of multiple counts of criminal sexual contact of a minor, multiple counts of criminal sexual penetration of a minor, and attempt to commit criminal sexual penetration of a minor. [RP 160] On appeal, Defendant makes two arguments: (1) the district court erred by failing to declare a mistrial when the prosecutor impermissibly elicited testimony from a witness regarding Defendant's invocation of his right to silence; and (2) Defendant received ineffective assistance of counsel. [BIC 9, 13]

**{3}** We review the denial of Defendant's motion for mistrial for an abuse of discretion. *State v. Smith*, 2001-NMSC-004, ¶ 32, 130 N.M. 117, 19 P.3d 254. Our review of state elicited testimony regarding a criminal defendant's refusal to speak with police requires that we first "review de novo the legal question whether the prosecutor improperly commented on the defendant's silence." *State v. Castillo*, 2020-NMCA-051, ¶ 6, 475 P.3d 803 (internal quotation marks and citation omitted). In order to determine whether there was improper commentary on the defendant's silence, we consider "whether the language used was manifestly intended to be or was of such a character that the jury would naturally and necessarily take it to be a comment on the accused's exercise of his or her right to remain silent." *Id.* ¶ 15 (internal quotation marks and citation omitted). If there was an improper comment, we then consider whether the error is harmless beyond a reasonable doubt. *State v. Gutierrez*, 2007-NMSC-033, ¶ 18, 142 N.M. 1, 162 P.3d 156 (noting that constitutional error is not harmless "if there is a reasonable possibility that the evidence complained of might have contributed to the conviction" (internal quotation marks and citation omitted)).

**{4}** The testimony at issue was elicited through a single question from the prosecutor that did not mention silence or invocation of the right to counsel. The prosecutor asked the testifying police officer, "Who did you attempt to interview?" [BIC 6] The officer answered, "I attempted to interview [Defendant.]" [*Id.*] Defense counsel objected immediately and requested a mistrial; the district court denied the motion for mistrial. [BIC 6-7]

**{5}** The implication of the officer's testimony is that he was unsuccessful in his attempt to interview Defendant; that Defendant's silence was the reason that the officer was unsuccessful is by no means clear, but it can be inferred from the statement. However, it is not "of such a character that the jury would naturally and necessarily take it to be a comment on the accused's exercise of his or her right to remain silent." *Castillo*, 2020-NMCA-051, ¶ 15 (internal quotation marks and citation omitted).

**{6}** Furthermore, we conclude that even assuming the prosecutor's question and the officer's response were improper, any such error was harmless. *See Gutierrez*, 2007-NMSC-033, ¶ 18 (noting that constitutional error is not harmless "if there is a reasonable possibility that the evidence complained of might have contributed to the conviction" (internal quotation marks and citation omitted)). The prosecutor did not comment directly on Defendant's refusal to speak with police, did not ask the jury to infer guilt from Defendant's silence, and did not invite the jury to draw a negative inference from Defendant's failure to speak to police. *See State v. DeGraff*, 2006-NMSC-011, ¶ 8, 139

N.M. 211, 131 P.3d 61 ("We have recognized that indirect comments, both those that are ambiguous, and those inadvertently elicited by the prosecutor from a witness, are less likely to call a jury's attention to the defendant's exercise of his rights." (citation omitted)); *State v. Baca*, 1976-NMSC-015, ¶ 5, 89 N.M. 204, 549 P.2d 282 ("We would draw the line between those comments which can be directly attributed to the prosecutor and those comments incorporated within the testimony of a witness."). In addition, the comment on Defendant's silence was not repeated or emphasized throughout the trial or the officer's testimony. Moreover, defense counsel did not seek a curative instruction and declined when given the option of striking the testimony. [12/27/2023 CD 3:51:35] *Cf. State v. Gibson*, 1992-NMCA-017, ¶ 37, 113 N.M. 547, 828 P.2d 980 ("Failure to accept the court's offer of a cautionary instruction may in itself justify a refusal to grant a mistrial; a well-constructed instruction can dissipate the prejudice, particularly when the improper remark was somewhat ambiguous and not emphasized by the witness or counsel."). Accordingly, we conclude that the district court did not abuse its discretion in denying Defendant's request for mistrial. *See State v. Molina*, 1984-NMSC-038, ¶ 5, 101 N.M. 146, 679 P.2d 814 ("It is not true . . . that *any* comment on the defendant's silence must result in a mistrial, or a reversal of the defendant's conviction." (internal quotation marks and citation omitted)).

**{7}** Regarding Defendant's assertion that he received ineffective assistance of counsel, Defendant asserts his trial counsel was ineffective "by failing to call as witnesses people who were present at the house the weekend of the alleged incident and may have contradicted the testimony of [Victim]" and because trial counsel did not call a defense DNA expert "to counter the [S]tate's expert." [BIC 14] We review claims of ineffective assistance of counsel de novo. *State v. Garcia*, 2011-NMSC-003, ¶ 33, 149 N.M. 185, 246 P.3d 1057. "A defendant seeking to establish ineffective assistance must show both deficient performance of counsel and prejudice caused by the deficient performance." *State v. Rivas*, 2017-NMSC-022, ¶ 23, 398 P.3d 299.

**{8}** As to the first prong of the analysis, the decision of whether to call a witness is a matter of trial tactics that we do not second guess on appeal. *See State v. Trujillo*, 2012-NMCA-112, ¶ 47, 289 P.3d 238 (stating that "[t]he decision whether to call a witness is a matter of trial tactics and strategy within the control of trial counsel" (internal quotation marks and citation omitted)). Additionally, as Defendant acknowledges, nothing in the record before this Court supports his assertion that the omitted witnesses had relevant or exculpatory evidence to offer. *See State v. Telles*, 1999-NMCA-013, ¶ 25, 126 N.M. 593, 973 P.2d 845 (holding that without a record, we cannot consider claims of ineffective assistance of counsel on direct appeal). Defendant has therefore failed to show that trial counsel's failure to call witnesses was deficient performance or that he was prejudiced by trial counsel's failure to call witnesses. *See State v. Hobbs*, 2016-NMCA-006, ¶ 21, 363 P.3d 1259 (rejecting the defendant's argument that he received ineffective assistance of counsel based on the failure to call a witness where there was no evidence in the record that the outcome would have been different if counsel had called an expert witness). Accordingly, Defendant has not made a prima facie showing of ineffective assistance of counsel, and these issues must be pursued, if at all, in collateral proceedings. *See State v. Herrera*, 2001-NMCA-073, ¶ 37, 131 N.M. 22, 33

P.3d 22 ("When the record on appeal does not establish a prima facie case of ineffective assistance of counsel, this Court has expressed its preference for resolution of the issue in habeas corpus proceedings over remand for an evidentiary hearing.").

**{9}** Based on the foregoing, we affirm Defendant's convictions.

**{10} IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**KATHERINE A. WRAY, Judge**