2002-NMCA-050

45 P.3d 900

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Daniel GARCIA, Defendant–Appellant.**

No. 22,026.

Court of Appeals of New Mexico.

March 13, 2002.

Certiorari Denied, No. 27,455, April 26, 2002.

Patricia A. Madrid, Attorney General, M. Victoria Wilson, Assistant Attorney General, Santa Fe, NM, for Appellee.

Phyllis H. Subin, Chief Public Defender, Trace L. Rabern, Assistant Appellate Defender, Santa Fe, NM, for Appellant.

## OPINION

PICKARD, Judge.

{1} Defendant appeals the denial of his motion to suppress evidence seized based on two search warrants authorizing a nighttime search of a truck and an apartment. Defendant argues that the search was unconstitutional because the State failed to establish a sufficient basis for justifying the execution of the search warrants at night. We are not persuaded by Defendant's arguments, and we therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

{2} The two nighttime search warrants at issue in this case relied on two affidavits containing the following facts. At approximately 2:30 in the morning, two police detec-

tives observed two unidentified individuals carrying what appeared to be trees from a truck through the back gate of an apartment in Roswell, New Mexico. By the time the detectives reached the truck, the individuals were gone. However, the detectives did notice several potted trees, with identification tags still affixed, in the bed of the truck. The detectives also noticed four potted rose bushes and a large potted tree with similar tags in front of the apartment and some leaves on the ground near the front door.

{3} Working in cooperation with other police officers and the manager of a local hardware store, the detectives confirmed that several trees and bushes had been stolen from the store. The store manager traveled to the scene of the investigation at the apartment and identified the trees and bushes as coming from the store.

{4} In addition to setting forth the foregoing specifics of the police investigation as probable cause for issuance of search warrants for the truck and apartment, the search warrant affidavits also requested permission for a nighttime search because of "the possibility of the removal or destruction of evidence if the scene or vehicle are left unsecured until daylight hours." Based on the search warrant affidavits, a magistrate judge issued search warrants authorizing a nighttime search, finding that reasonable cause had been shown for the nighttime execution of the warrants to prevent the destruction of evidence if officers were to leave the scene. The search warrants were executed between 4:10 a.m. and 4:30 a.m. the same morning.

{5} Although not contained in the search warrant affidavits, additional information contained in police reports was discussed without objection at the hearing on Defendant's motion to suppress. Apparently based on this information, the district court found that at some point during the investigation the police decided to knock on the door and windows of the apartment, but no one responded; that up to six police officers were involved in the investigation; and that several officers kept the apartment and truck under surveillance while the detectives prepared to obtain the search warrants.

{6} In reviewing the magistrate's decision, the district court concluded that "[a]bundant probable cause existed" to support the search warrants. Defendant raises no challenge in this regard. The district court also concluded that the affidavits provided an adequate factual basis to support the magistrate's decision to authorize a nighttime search to avoid delay that could result in the loss of evidence. Accordingly, the district court denied Defendant's motion to suppress evidence seized pursuant to the search warrants. Defendant subsequently pleaded guilty to larceny and conspiracy to commit larceny, reserving the right to appeal the denial of his motion to suppress.

## STANDARD OF REVIEW

{7} "In reviewing the sufficiency of an affidavit submitted in support of the issuance of a search warrant, we apply a de novo standard of review. We review the affidavit by giving it a common-sense reading, considering the affidavit as a whole, to determine whether the issuing judge made an informed, deliberate, and independent determination of probable cause." *State v. Whitley,* 1999–NMCA–155, ¶ 3, 128 N.M. 403, 993 P.2d 117 (internal quotation marks and citations omitted). However, when considering whether there was a sufficient showing of reasonable cause to support issuance of a nighttime search warrant, *see* Rule 6–208(B) NMRA 2002, the district court is not limited to considering what is contained in the affidavits, but may also take evidence "to determine whether 'reasonable cause' was presented to the magistrate, apart from the affidavit, which would support a nighttime search." *State v. Hausler,* 101 N.M. 143, 145, 679 P.2d 811, 813 (1984).

{8} In this case, the district court considered, and issued findings on, evidence not actually presented to the magistrate and not involving misleading information. This practice violated the rule set forth in *State v. Fernandez,* 1999–NMCA–128, ¶¶ 30–31, 128 N.M. 111, 990 P.2d 224 (stating the limited circumstances in which a district court may take evidence to evaluate the magistrate's determination, based on facts not considered by the magistrate). This does not create a problem in this case because the district

court and defense counsel agreed at the suppression hearing that evaluation of the search warrants should be based solely on the information contained in the affidavits. In light of this stipulation, we too will base our review on the facts set forth in the search warrant affidavits without regard for any additional information that may have been discussed during the hearing. Accordingly, we will apply a de novo standard of review on appeal.

## DISCUSSION

{9} Defendant argues that the nighttime searches were unconstitutional under our state and federal constitutions. However, Defendant does not explain how our analysis should differ under the state or federal constitution. Therefore, for purposes of this opinion, we assume, without deciding, that the analysis is the same under both constitutions. *See State v. Walters*, 1997–NMCA–013, ¶ 9, 123 N.M. 88, 934 P.2d 282; *State v. Wright*, 116 N.M. 832, 833–34, 867 P.2d 1214, 1215–16 (Ct.App.1993).

{10} Rule 6–208(B) provides that a search warrant issued by a magistrate court judge "shall direct that it be served between the hours of 6:00 a.m. and 10:00 p.m., according to local time, unless the issuing judge, by appropriate provision in the warrant, and for reasonable cause shown, authorizes its execution at any time." *See also* Rule 5–211(B) NMRA 2002 (governing search warrant issued by district court judge); Rule 9–214 NMRA 2002 (search warrant form). Defendant appears to argue that the nighttime search warrants in this case amount to a constitutional violation irrespective of whether the warrants were properly issued within the limitations of our procedural rules governing nighttime search warrants. In contrast, the State seems to suggest that the requirement of reasonable cause contained in Rule 6–208(B) is coextensive with the constitutional requirement that a search warrant must be executed in a reasonable manner. Thus, we must decide whether the issuance of a nighttime search warrant implicates constitutional limitations beyond those imposed for every search warrant, and if so, we must decide whether the reasonable cause standard in Rule 6–208(B) embodies an added

constitutional limitation on nighttime searches.

{11} Although Defendant does not specifically rely on the reasonable cause standard set forth in Rule 6–208(B), he does suggest that the requirement of reasonable cause embodies the broader principle that all searches and seizures must be reasonable. *See State v. Attaway*, 117 N.M. 141, 149, 870 P.2d 103, 111 (1994) ("In New Mexico, the ultimate question in all cases regarding alleged search and seizure violations is whether the search and seizure was reasonable."). But rather than focus on whether compliance with the reasonable cause standard in Rule 6–208(B) will satisfy constitutional requirements for a reasonable nighttime search, Defendant maintains that we should adopt a constitutional requirement that nighttime search warrants may be issued only upon a showing of exigent circumstances. Defendant suggests that the dangers associated with nighttime searches are similar to the dangers associated with the execution of search warrants without complying with the knock-and-announce rule. *Compare Commonwealth v. Grimshaw*, 413 Mass. 73, 595 N.E.2d 302, 304 (1992) (stating that nighttime searches are disfavored because "nighttime police intrusion posed a great threat to privacy, violated the sanctity of home, and endangered the police and slumbering citizens"), *with Attaway*, 117 N.M. at 147, 870 P.2d at 109 (holding that knock-and-announce "rule protects the sanctity of the home and individual privacy" and "protects both the occupant and police from the possible violent response of a startled occupant suddenly confronted with an unannounced entry by an unknown person"). Because the knock-and-announce rule in New Mexico may be dispensed with only upon a showing of exigent circumstances, *see id.* at 150–51, 870 P.2d at 112–13, Defendant submits that nighttime search warrants also should be permitted only upon a showing of exigent circumstances. We disagree.

{12} In addition to the showing of probable cause that is required for any search warrant, Rule 6–208(B) plainly requires a showing of reasonable cause before a warrant may be issued for execution at night. Equating reasonable cause with exigent cir-

cumstances would, in essence, render meaningless the reasonable cause showing required by Rule 6–208(B) because the police are already authorized to conduct warrantless searches if they have probable cause and exigent circumstances. *See State v. Manus,* 93 N.M. 95, 104, 597 P.2d 280, 289 (1979) ("A warrantless search may be made on the basis of probable cause and exigent circumstances."), *overruled on other grounds by Sells v. State,* 98 N.M. 786, 788, 653 P.2d 162, 164 (1982); *see also State v. Gomez,* 1997–NMSC–006, ¶ 40, 122 N.M. 777, 932 P.2d 1. Moreover, such a construction could in effect remove the neutral, detached magistrate from the role of deciding whether a nighttime search should take place since the police could simply move forward to conduct a warrantless nighttime search for which they have probable cause and exigent circumstances. We decline to adopt such a construction of Rule 6–208(B). *See State v. Pearson,* 2000–NMCA–102, ¶ 5, 129 N.M. 762, 13 P.3d 980 (stating that this Court avoids absurd or strained construction of a statute); *State v. Johnson,* 1998–NMCA–019, ¶ 22, 124 N.M. 647, 954 P.2d 79 (holding that this Court rejects interpretations of statutes that render parts of them meaningless or mere surplusage); *see also In re Dominick Q.,* 113 N.M. 353, 354, 826 P.2d 574, 575 (Ct.App.1992) (stating that this Court applies same rules of construction to procedural rules that are applied to statutes).

{13} Despite our unwillingness to impose an exigent circumstances prerequisite as a constitutional requirement for all nighttime searches, we must still decide whether the reasonable cause standard set forth in Rule 6–208(B) is a constitutionally sufficient justification for a nighttime search. Many jurisdictions recognize that the decision to execute a search warrant at night may implicate constitutional rights. *See, e.g., United States v. Gibbons,* 607 F.2d 1320, 1326 (10th Cir. 1979); *United States ex rel. Boyance v. Myers,* 398 F.2d 896, 897 (3rd Cir.1968); *State v. Richardson,* 80 Hawai'i 1, 904 P.2d 886, 888 n. 2 (1995); *see also* Claudia G. Catalano, Annotation, *Propriety of Execution of Search Warrant at Nighttime,* 41 A.L.R.5th 171, § 7 (1996) [hereinafter Catalano]. However, it is less than clear the

extent to which a rule or statute placing limits on a nighttime search may be construed as embodying a constitutional protection. *See* Catalano, *supra,* at 272–78, §§ 8, 9; *see also Grimshaw,* 595 N.E.2d at 304 ("Many courts have specifically or by implication rejected the claim that the nighttime search limitation has any basis in either State or the Federal Constitutions."). *Compare Hanna v. State,* 591 A.2d 158, 162 (Del. 1991) (recognizing that procedural rule governing nighttime search warrants affords greater protection than state and federal constitutions), *Commonwealth v. Mourar,* 332 Pa.Super. 258, 481 A.2d 352, 354 (1984) (holding that violation of rule covering nighttime searches does not amount to constitutional violation because it imposes stricter requirement than mandated by constitution), and *State v. Chandler,* 267 S.C. 138, 226 S.E.2d 553, 555 (1976) (stating that privacy rights, which prohibition against unreasonable searches are intended to protect, are not implicated by unauthorized nighttime search); *with State v. Lien,* 265 N.W.2d 833, 839–40 (Minn.1978) (recognizing constitutional dimension to procedural rule governing nighttime search warrants), *overruling on other grounds recognized by United States v. Tavares,* 223 F.3d 911, 918 (8th Cir.2000).

{14} Even in those jurisdictions where the failure to comply with a procedural rule governing nighttime searches may amount to a constitutional violation, the suppression of evidence seized under such circumstances is not necessarily mandated. *See, e.g., United States v. Searp,* 586 F.2d 1117, 1125 (6th Cir.1978) (holding that violation of procedural rule governing nighttime searches did not require suppression unless, for example, defendant suffered prejudice from violation in the sense that search would not have occurred or would not have been so abrasive if rule had been followed); *Gamble v. State,* 473 So.2d 1188, 1195–96 (Ala.Crim.App.1985) (same); *State v. Nicholas,* 652 So.2d 666, 668–69 (La.Ct.App.1995) (stating that suppression not required when violation of nighttime search warrant rule occurred in good faith reliance on warrant and where police otherwise executed warrant in a reasonable manner); *Lien,* 265 N.W.2d at 840–41 (hold-

ing that although insufficient showing made for nighttime search warrant, no suppression required where, among other things, search was executed at reasonable hour while defendant was still awake and fully clothed); *State v. Moore*, 2 Neb.App. 206, 508 N.W.2d 305, 309 (1993) (stating that suppression not required where, among other things, defendant suffered no prejudice).

■ {15} Like many other jurisdictions, New Mexico has not expressly delineated the constitutional limitations on nighttime searches. *See* 2 WAYNE R. LaFAVE, SEARCH AND SEIZURE, § 4.7(b), at 589–90 (1996) (noting that there has been considerable litigation concerning procedural rules governing nighttime searches, but relatively little attention given to whether there are constitutional limitations on nighttime searches). However, New Mexico has recognized that the failure to comply with the codified requirements for a nighttime search warrant may result in the suppression of evidence seized pursuant to such a warrant because the warrant is deemed illegal and unreasonable. *See State v. Hausler*, 101 N.M. 161, 165, 679 P.2d 829, 833 (Ct.App.1983), *rev'd on other grounds by Hausler*, 101 N.M. at 145, 679 P.2d at 813; *State v. Dalrymple*, 80 N.M. 492, 493–94, 458 P.2d 96, 97–98 (Ct.App.1969); *see also* Rule 5–211 (Committee commentary) (stating that search warrant rules "are based upon the New Mexico constitutional requirements"). Accordingly, we have little difficulty concluding that the failure to establish reasonable cause for issuance of a nighttime search warrant as required by Rule 6–208(B) is tantamount to an unreasonable, and therefore unconstitutional, search. *Cf. Gibbons*, 607 F.2d at 1326 (recognizing that federal rule of criminal procedure governing nighttime search warrants implements the essential requirements of Fourth Amendment).

■ {16} Having concluded that a showing of reasonable cause is constitutionally necessary, the question nonetheless remains: What constitutes reasonable cause? The answer will necessarily depend on the factual circumstances of each case. As a general matter, we agree with Professor LaFave's assessment that "the greater intrusion of a nighttime entry must be offset by a greater showing of need" to search, and "the true test of the constitutionality of a nighttime search is whether it was necessary to make the search at that time." LaFAVE, *supra*, § 4.7(b), at 592. "[S]uch necessity would most commonly be based upon a justified 'apprehension that the evidence within the house would be removed, hidden or destroyed before morning,' but might sometimes be grounded upon other considerations," such as when execution of the warrant can only be safely or successfully accomplished at night. *Id.* (internal citation and footnotes omitted); *see also Richardson*, 904 P.2d at 892 (stating that nighttime search may be permissible when search "will not encroach upon either the special privacy interests or the public safety concerns that underlie the nighttime search prohibition").

■ {17} Defendant argues that the police had no real justification for requesting a nighttime search because there was no risk that the trees and bushes would be removed or destroyed before morning. In support of his argument, Defendant points to the fact that the trees and bushes, by their very nature, are not easily destroyed or moved. However, the search warrant affidavits reveal that the police in fact saw the trees being moved in the middle of the night and that a number of the trees were already in a truck, which would have obviously facilitated their removal. In addition, the affidavits indicate that the trees and bushes had identification tags affixed, which were instrumental in allowing the police to tie those trees and bushes to the ones stolen from the local hardware store. Thus, the destruction or removal of the identification tags was also a very real possibility. Moreover, given that the police saw individuals carrying trees from the truck who disappeared before the police could make contact with them, it is reasonable to infer from the affidavits that the police presence may have been detected, which provides further justification for a nighttime search. *See People v. Egan*, 141 Cal.App.3d 798, 190 Cal.Rptr. 546, 551 (1983) (holding that reasonable cause for nighttime search supported by inferences from affidavit that suspects would try to dispose of contra-

band because they may have surmised that their marijuana growing activities were detected by police); *People v. Cletcher,* 132 Cal.App.3d 878, 183 Cal.Rptr. 480, 483–84 (1982) (recognizing that reasonable cause for nighttime search may be supported by inferences from affidavit that thief would try to dispose of evidence because he may have suspected detection by police).

{18} Defendant suggests that even if there was a risk that evidence could be removed or destroyed, that risk was virtually eliminated by the fact that the police had the scene secured and under surveillance. Accordingly, Defendant argues that there was no need for a nighttime search because the police simply could have maintained surveillance until daylight and could have taken quick action in the interim to prevent the removal or destruction of evidence. Although the affidavits suggest that the police may have had the scene secured at the time of the request for nighttime search warrants, circumstances, foreseen or unforeseen, could have required the police to abandon surveillance before daylight arrived. Accordingly, we do not believe it was unreasonable for the magistrate to authorize a nighttime search despite the ongoing surveillance, nor do we believe it was necessary for the officers to allege in their affidavits that they could not maintain surveillance until daylight. *See Hausler,* 101 N.M. at 145, 679 P.2d at 813 (holding that proof positive of need for nighttime search is not required); *see also In re Shon Daniel K.,* 1998–NMCA–069, ¶ 8, 125 N.M. 219, 959 P.2d 553 (stating that "reviewing court should not impose technical requirements on an affidavit nor insist on elaborate specificity, but instead we should apply a common-sense reading of the affidavit, while bearing in mind that such affidavits are generally prepared by police officers who are not lawyers").

{19} In sum, the nighttime search in this case was conducted upon people who were observed to be active in the nighttime. It was based on probable and reasonable cause that had just recently been developed, again in the nighttime. It bears emphasis that this is not a case in which the police developed probable cause during business hours and then waited until nighttime, when they believe people will be asleep, to execute the warrant. The intrusiveness of the nighttime search in this case is considerably lessened because of these circumstances, making the showing of necessity sufficient under constitutional scrutiny. *See* LaFave, *supra,* § 4.7(b), at 592; *Richardson,* 904 P.2d at 892–93.

{20} Based on the foregoing, we hold that the search warrant affidavits contained an adequate showing of reasonable cause to support the magistrate judge's issuance of the nighttime search warrants. As such, there was no violation of Defendant's constitutional right to be free from unreasonable searches and seizures.

**CONCLUSION**

{21} We uphold the district court's decision to deny Defendant's motion to suppress. Accordingly, we affirm Defendant's convictions.

{22} **IT IS SO ORDERED.**

WE CONCUR: JONATHAN B. SUTIN and CELIA FOY CASTILLO, Judges.