This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                            **NO. 28,034**

**TERRY WILLIAMS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Ross C. Sanchez, District Judge**

Gary K. King, Attorney General
Nicole Beder, Assistant Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Eleanor Brogan, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

The opinion filed in this case on September 30, 2011, is withdrawn and this opinion is substituted in its place. Defendant's motion for rehearing is granted.

Defendant was subject to an under-clothing roadside search following a valid arrest on an outstanding felony warrant. He appeals the denial of his motion to suppress evidence seized as a result of the search. Our Supreme Court determined that the roadside search of Defendant, incident to his arrest, was reasonable under the Fourth Amendment to the United States Constitution, and has reversed our prior decision and remanded for us to address all remaining issues. *State v. Williams*, 2011-NMSC-026, ¶¶ 1, 22, 149 N.M. 729, 255 P.3d 307. On remand, we determine that Defendant has failed to articulate how the roadside search violated his rights under Article II, Section 10 of the New Mexico Constitution and we therefore do not address this argument. We also conclude that Defendant received effective assistance of counsel and that his plea was knowingly and willingly entered into. We therefore affirm Defendant's conviction.

**BACKGROUND**

Defendant was stopped for a traffic violation on September 7, 2006, and subsequently arrested on an outstanding felony warrant. The arresting officer then conducted a roadside search of Defendant, which resulted in the discovery of a plastic bag inside Defendant's underpants that tested positive for illegal substances. Because the parties are familiar with the background of this case, and because this is a memorandum opinion, we do not provide a detailed factual summary of the

circumstances underlying the arrest and search of Defendant, and instead refer to the facts as laid out in the Supreme Court's opinion. *Williams*, 2011-NMSC-026, ¶¶ 2-7. We provide additional details as necessary to our discussion of each issue raised by Defendant.

**DISCUSSION**

Defendant argues that: (1) the under-clothing search incident to his arrest violated his rights under Article II, Section 10 of the New Mexico Constitution; (2) he received ineffective assistance of counsel; and (3) he did not voluntarily and knowingly enter into his plea agreement. We address each of these issues in turn.

**A. Validity of the Search under Article II, Section 10 of the New Mexico Constitution**

On appeal, Defendant argues that the under-clothing search incident to his arrest violated the Fourth Amendment to the United States Constitution and Article II, Section 10 of the New Mexico Constitution. Our Supreme Court adopted the reasonableness factors set forth in *Bell v. Wolfish*, 441 U.S. 520 (1979), to determine that the search in this case did not violate the Fourth Amendment. *Williams*, 2011-NMSC-026, ¶ 1. Accordingly, under our interstitial approach, we turn to Defendant's argument that his rights under Article II, Section 10 of the New Mexico Constitution were also violated. *State v. Rowell*, 2008-NMSC-041, ¶ 12, 144 N.M. 371, 188 P.3d

3

95 (describing interstitial analysis under *State v. Gomez*, 1997-NMSC-006, 122 N.M. 777, 932 P.2d 1).

As an initial matter, we address whether Defendant properly preserved his argument under the state constitution. *See State v. Leyva*, 2011-NMSC-009, ¶¶ 49-50, 149 N.M. 435, 250 P.3d 861. In his written suppression motion, Defendant argued that Article II, Section 10, provided him with greater protections from unreasonable searches and seizures and he cited a number of past decisions that have interpreted that provision more expansively than the Fourth Amendment. He also developed a factual record in his written motion and at the suppression hearing. Therefore, we conclude that his Article II, Section 10 argument was preserved. *Id.*

However, although Defendant preserved his state constitutional argument, Defendant has not argued on appeal that the New Mexico Constitution should be interpreted differently from the United States Constitution in the context of this appeal. Although we recognize that Article II, Section 10 has been interpreted more broadly than its federal counterpart in certain contexts, Defendant has not articulated exactly how our analysis under Article II, Section 10 should differ from the federal analysis so as to afford him heightened protection in the context of the facts in this case. Although our Supreme Court recently articulated in *Leyva*, as part of its interstitial analysis, "a willingness to undertake independent analysis of our state

constitutional guarantees when federal law begins to encroach on the sanctity of those guarantees," we decline to do so here because Defendant has not made a substantive argument for us to analyze. *Id.* ¶ 51 (internal quotation marks and citation omitted). We cannot conduct our review in a vacuum.

Defendant's arguments for suppression on appeal focus extensively on adoption and analysis of the reasonableness factors set forth in *Bell*. He relies almost exclusively on federal law, makes only limited references to Article II, Section 10, and his use of New Mexico case law is offered only to support the federal analysis. Consequently, because Defendant has not advanced any separate analysis under the state constitution and has not argued that *Bell* should be held inapplicable under the state constitution, we assume without deciding that the analysis for the reasonableness of Defendant's search is the same under both the federal and state constitutions. *State v. Garcia*, 2002-NMCA-050, ¶ 9, 132 N.M. 180, 45 P.3d 900 (recognizing that even though the defendant argued that the search was unconstitutional under the New Mexico Constitution, he failed to explain how the Court's analysis should differ under the state constitution and therefore, for purposes of the opinion, the Court would "assume, without deciding, that the analysis is the same under both [the state and federal] constitutions"). Because our Supreme Court has determined that the search

of Defendant, incident to his arrest, was reasonable under the Fourth Amendment, we conclude that it was reasonable under Article II, Section 10.

**B.      Ineffective Assistance of Counsel**

Defendant argues that he was denied effective assistance of counsel because his attorney did not file an attorney-drafted motion to suppress, and instead filed an unaltered motion to suppress that was prepared by Defendant.  Defendant also maintains that his trial counsel was ineffective because his counsel failed to properly argue the motion to suppress, failed to conduct witness interviews or investigate the scene of the traffic stop, failed to file two pro se motions requesting removal of counsel, and improperly requested that the court divert all pro se motions to counsel. Defendant asserts, pursuant to *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967), and *State v. Boyer*, 103 N.M. 655, 712 P.2d 1 (Ct. App.1985), that he suffered prejudice as a result of his counsel's deficient performance.

The standard of review for ineffective assistance of counsel claims is de novo. *State v. Quinones*, 2011-NMCA-018, ¶ 28, 149 N.M. 294, 248 P.3d 336.  "To establish a prima facie case of ineffective assistance of counsel, [the d]efendant must show that (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that [the d]efendant suffered prejudice in that there is a reasonable probability that, but for counsel's unprofessional errors, the result of

6

the proceeding would have been different." *State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384 (internal quotation marks and citation omitted). If a prima facie showing of ineffective assistance is made, the Court may remand the case for an evidentiary hearing if unusual circumstances exist. *State v. Dylan J.*, 2009-NMCA-027, ¶ 41, 145 N.M. 719, 204 P.3d 44. Our Supreme Court has expressed a preference for ineffective assistance of counsel claims to be heard in habeas corpus proceedings when the trial record does not contain sufficient evidence to allow for such a determination on direct appeal. *Id.*

In this case, on the basis of the record before us, we are not persuaded that Defendant has established a prima facie case of ineffectiveness. Defendant's primary argument is that his trial counsel failed to file an attorney-drafted motion to suppress, which he contends a reasonably competent attorney would have done under the facts of this case. We are not convinced. Aside from this bare assertion, Defendant fails to show how his counsel's decision to file the motion prepared by Defendant was unreasonable, and nevertheless, the fact remains that a motion to suppress was filed and argued at a hearing by defense counsel.

We also do not consider Defendant's argument that his attorney failed to conduct an investigation or witness interviews because Defendant failed to raise any issues concerning a deficient investigation below and the argument is not supported

7

by the record. *See State v. Telles*, 1999-NMCA-013, ¶ 25, 126 N.M. 593, 973 P.2d 845. In addition, there is no factual support for Defendant's other arguments regarding ineffective assistance. Defendant does not point to any facts of record, and the facts needed to evaluate his other arguments are not part of the record. *See Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments.").

Additionally, Defendant does not establish how he was prejudiced. Establishing prejudice is a crucial element of a prima facie claim of ineffective assistance of counsel. Defendant simply states that he was prejudiced but fails to flesh out his claim. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice.").

We therefore reject Defendant's claim of ineffective assistance of counsel. Defendant is not barred from raising this claim in a habeas corpus proceeding.

**C.    Voluntariness of Plea Agreement**

Pursuant to *Franklin* and *Boyer*, Defendant argues that as a result of his attorney's lack of preparation and effort, he was forced to accept the State's plea offer and, therefore, his plea was not knowing or voluntary. We review the denial of a

8

motion to withdraw a guilty plea for abuse of discretion. *State v. Garcia*, 121 N.M. 544, 546, 915 P.2d 300, 302 (1996).

For a plea to be voluntary and knowing, there must be an affirmative showing on the record that the defendant understood the plea and its consequences. *Id.* at 547, 915 P.2d at 303. The defendant must be "informed of the nature of the charges, acts sufficient to constitute the offense, the right to plead not guilty, the right to a jury trial, the right to counsel, and the permissible range of sentences." *Id.* (internal quotation marks and citation omitted).

In this case, the record affirmatively shows all of these elements. The district court explained the offense to Defendant as "a first-degree felony offense with a basic sentence of [eighteen] years of incarceration and/or a fine of up to $10,000." The district court also advised Defendant of his right to plead not guilty and his right to a jury trial. As for acts sufficient to constitute the offense, the prosecutor informed the district court and Defendant at the plea hearing that if the case proceeded to trial, the State would prove that Defendant had twelve rocks of crack cocaine as well as $258 in amounts and denominations consistent with drug trafficking as opposed to personal use, and that Defendant intended to transfer the drugs. In addition, the record shows that Defendant was represented by counsel at the guilty plea hearing. Defendant also engaged in a detailed discussion with the district court regarding the range of

sentences, which culminated in Defendant stating that he understood how the sentencing would work if he were convicted. Moreover, Defendant agreed that entering into the plea agreement was in his best interest and he also indicated that he had not been forced or pressured into accepting the plea.

Because the record establishes all of the elements required to show that the plea was entered into voluntarily and knowingly, we conclude that Defendant's plea was valid.

**CONCLUSION**

For the reasons stated in this opinion, we affirm Defendant's conviction.

**IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**RODERICK T. KENNEDY, Judge**

10