This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**MICHELLE E. GARCIA,**

Petitioner-Appellant,

v.                                                                                            **NO. 32,741**

**DANIEL S. GARCIA**,

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**James L. Sanchez, District Judge**

Meintzer Law Firm
Ed Meintzer
Los Lunas, NM

for Appellant

Law Office of David C. Chavez
David C. Chavez
Los Lunas, NM

for Appellee

# MEMORANDUM OPINION

**WECHSLER, Judge.**

{1}     Petitioner appeals from a district court order denying her motion to reconsider an order dismissing her attempt to re-open divorce proceedings three years after the entry of the final decree.  We issued a calendar notice proposing to affirm.  Petitioner has responded with a memorandum in opposition.  We affirm.

## ISSUE A

{2}     Petitioner continues to claim that the district court erred in refusing to re-open the parties' divorce proceedings, either under Rule 1-060(B) NMRA or NMSA 1978, Section 40-4-20 (1993).  [MIO 1]  Rule 1-060(B) states:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
>      (1)     mistake, inadvertence, surprise or excusable neglect;
>      (2)     newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 1-059 NMRA;
>      (3)     fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;
>      (4)     the judgment is void;
>      (5)     the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>      (6)     any other reason justifying relief from the operation of the judgment.  The motion shall be made within a reasonable time, and for

reasons (1), (2) and (3) not more than one-year after the judgment, order or proceeding was entered or taken. . . .

{3} Petitioner's May 2012 motion sought to set aside a September 2009 divorce decree and also appears to have sought to set aside the property division that occurred in two prior divorces between the parties. [RP 1] Petitioner's claim that Respondent committed fraud implicates reason (3) under Rule 1-060(B). [RP 8, ¶ 45] However, Petitioner's motion was filed well beyond the one-year time limit for invoking that provision. To the extent that Petitioner believed that there were exceptional circumstances permitting relief under Rule 1-060(B)(6), we note that this provision may not be used to circumvent time limits when a party's claims fall within the other provisions of the rule. *See Marinchek v. Paige*, 108 N.M. 349, 351, 772 P.2d 879, 881 (1989); *Thompson v. Thompson*, 99 N.M. 473, 475, 660 P.2d 115, 117 (1983). We do not believe that the district court abused its discretion in determining that Rule 1-060(B)(3) applied to Petitioner's arguments. [RP 171-72] *See Martinez v. Friede*, 2004-NMSC-006, ¶ 19, 135 N.M. 171, 86 P.3d 596 (observing that we review ruling for abuse of discretion), *superseded by rule* on other grounds as stated in *State v. Moreland*, 2008-NMSC-031, 144 N.M. 192, 185 P.3d 363. As such, Petitioner could not rely on Rule 1-060(B)(6) to circumvent the time limit. We reject Petitioner's claim [MIO 1, 6] that she is raising a subject matter challenge, because to equate a fraud claim with a subject matter challenge would render meaningless the time limit

applicable to Rule 1-060(B)(3). *See State v. Garcia*, 2002-NMCA-050, ¶ 12, 132 N.M. 180, 45 P.3d 900 (rejecting an interpretation of a rule that would render part of the rule meaningless).

{4}      With respect to Section 40-4-20, that statute permits the re-opening of a divorce case where there remains undivided community property.  Here, the district court determined that there was no undivided community property, but that Petitioner simply wanted a re-division because she received a "bum deal."  [RP 170]  The language of the 2009 marital settlement agreement [MSA] supports the district court's determination.  [RP 53]  To the extent that Petitioner claimed that some property was undivided, the district court could construe the broad language of the MSA to have resolved the issue, and to the extent that Petitioner's division arguments had merit, they concern the execution of the prior agreements.  [RP 141-142]

**ISSUE B**

{5}      Petitioner continues to claim that the district court erred in denying her motion to reconsider and attempt to amend her motion.  [MIO 7-8]  As we interpret Petitioner's arguments, she was essentially re-stating the claims of fraud and lack of execution that were the subject of her initial motion.  [RP 66]  As such, we affirm for the reasons set forth above.

**ISSUE C**

{6} Petitioner continues to claim that the district court should have recused at the motion to reconsider stage because Petitioner believed that the court was improperly impeding her attempts to satisfy the requirements of Section 40-4-20 and her attempts to get the judge to change his mind. [MIO 8] As we interpret Petitioner's arguments, they essentially claim that the district court was committing errors in its rulings. These rulings are subject to appellate review and do not form the basis of recusal. *See In the Matter of Schwartz*, 2011-NMSC-019, ¶ 21, 149 N.M. 721, 255 P.3d 299 (noting that improper rulings are not grounds for recusal).

**ISSUE D**

{7} Petitioner argues that the district court erred in refusing to disqualify Respondent's counsel because he was a witness to the alleged fraudulent conduct that occurred during the divorce proceedings. [MIO 10] Petitioner states that counsel was involved in the party's two previous divorces and therefore was a witness to inequitable treatment and a possible co-conspirator. Even if we assume that Respondent's counsel was a witness to fraud or inequity, this argument is only relevant to the Rule 1-060(B)(3) claim, which was not timely, and therefore it was never necessary to consider him as a witness.

4

{8}     For the reasons set forth above, we affirm.

{9}     **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Chief Judge**

_____
**CYNTHIA A. FRY, Judge**