This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. **NO. 33,306**

**ASHLEY QUINTANA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Christina Argyres, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Vicki W. Zelle, Assistant Appellate Public Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Defendant appeals following the district court's affirmance of the metropolitan court's decision that there was reasonable suspicion to support Defendant's stop for failure to signal in violation of NMSA 1978, Section 66-7-325(A) (1978). This Court issued a calendar notice proposing to affirm on the grounds that our Supreme Court's opinion in *State v. Hubble*, 2009-NMSC-014, 146 N.M. 70, 206 P.3d 579, supported a determination that reasonable suspicion of a violation of Section 66-7-325 existed because there was a "reasonable possibility that other traffic may be affected" by Defendant's failure to signal prior to turning. Defendant has filed a memorandum in opposition, which this Court has duly considered. In light of *Hubble*, we are unpersuaded by Defendant's arguments and therefore we affirm.

{2}     In this Court's calendar notice, we proposed to adopt the memorandum opinion of the district court as our own. [CN 2] Defendant argues, in response, that the district court's interpretation of *Hubble* is "flawed, extending the scope of *Hubble*'s reasoning far beyond that which is justified." [MIO 9] Defendant attempts to distinguish the facts of *Hubble* from the present case by pointing out that, there, the officer passed the car at a T-intersection where the defendant waited without signaling, whereas, here, the officer was driving towards Defendant when Defendant removed herself as oncoming traffic by turning right. [MIO 5] Thus, Defendant relies on the fact that, unlike in *Hubble,* the officer's vehicle never crossed paths with Defendant's vehicle.

[MIO 5-6] This distinction relies on an interpretation of Section 66-7-325 that is much more narrow than *Hubble* supports. In *Hubble*, the Supreme Court noted that Section 66-7-325 was intended to have a broad reach such that that the purpose of the statute was not only to avoid potential hazards, but to alert other traffic to your intentions before you act, thereby, providing other drivers with "ample decision-making time in their interactions with drivers who intend to change directions." 2009-NMSC-014, ¶ 20. While Defendant contends that her turning right and away from oncoming traffic precluded there being any reasonable possibility that she may have affected the officer [MIO 16], it is her failure to provide oncoming traffic with any indication of her intention to either go straight, turn right, or turn left that constitutes a violation of Section 66-7-325. Thus, to the extent there was a reasonable possibility that the officer may have been surprised by Defendant's movement, we conclude that there was reasonable suspicion to support a violation of Section 66-7-325.

{3}     Furthermore, to the extent Defendant contends that, unlike *Hubble*, there was no reason that the officer would have considered switching lanes if Defendant had signaled or slowing down to accommodate Defendant's change in direction [MIO 16], Defendant is arguing that her action did not actually affect other traffic. As our Supreme Court stated in *Hubble*, "[t]he State [is] not required to prove that [the

officer] *could have* been affected, that he *was* affected, or that [the d]efendant's turn *presented a potential hazard*; the statute only requires that the surrounding facts establish that there was a *reasonable possibility* that he may have been affected." *Id.* ¶ 20. Accordingly, to the extent Defendant argues that the officer was not or could not have been affected, we conclude that this argument is unavailing.

{4}     Finally, Defendant contends that we should reverse the denial of her motion to suppress, finding greater protection under Article II, Section 10 of the New Mexico Constitution. [MIO 18] Specifically, Defendant argues that we should require a "higher threshold of persuasiveness" in determining what facts are necessary to constitute reasonable suspicion. [MIO 18] We agree with Defendant that Article II, Section 10 of the New Mexico Constitution has been interpreted more broadly than its federal counterpart. *See State v. Paul T.*, 1999-NMSC-037, ¶ 13, 128 N.M. 360, 993 P.2d 74 (recognizing that "there is established precedent interpreting Article II, Section 10 more broadly than its federal counterpart"). However, Defendant has failed to develop this argument by articulating any rationale for interpreting the phrase "reasonable suspicion" more stringently under the New Mexico Constitution than under the federal constitution or by explaining how our analysis should differ under the state constitution so as to afford her heightened protection. *See State v. Garcia*, 2002-NMCA-050, ¶ 9, 132 N.M. 180, 45 P.3d 900 (recognizing that even though the

defendant argued that the search was unconstitutional under the New Mexico Constitution, he failed to explain how the Court's analysis should differ under the state constitution and therefore, for purposes of the opinion, the Court would "assume, without deciding, that the analysis is the same under both [the state and federal] constitutions"). Therefore, we decline to broaden our analysis to consider whether the definition of reasonable suspicion might be more stringent under Article II, Section 10 of the New Mexico Constitution. *See State v. Walters*, 1997-NMCA-013, ¶ 9, 123 N.M. 88, 934 P.2d 282 (refusing to consider the defendant's assertion that "he was subjected to an unreasonable seizure under both the state and federal constitutions, [because] he advance[d] no separate analysis under the New Mexico Constitution, nor d[id] he argue that the state constitution afford [ed] any greater protection in this respect than the United States Constitution").

{5}     For the reasons stated above and in this Court's notice of proposed disposition, we affirm.

{6}     **IT IS SO ORDERED.**


_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**JAMES J. WECHSLER, Judge**