This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                              **No. 35,271**

**ISAIAH H.,**

Child-Appellant.


**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Marci E. Beyer, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

{1}      Child appeals from the children's court's consent decree, entered following his conditional plea of no contest to two counts of burglary of a vehicle; one count of resisting, evading, or obstructing an officer; and one count of unlawful carrying of a deadly weapon. [CN 1-2] Child's plea was conditioned upon his right to appeal the children's court's denial of his motion to suppress evidence and statements allegedly gathered in violation of his rights under the Fourth Amendment to the United States Constitution and Article II, Section 10 of the New Mexico Constitution. [CN 2] This Court issued a calendar notice proposing summary affirmance. Child filed a memorandum in opposition to this Court's notice of proposed disposition, which we have duly considered. Unpersuaded, we affirm.

{2}      Child raised five issues in his docketing statement. In our calendar notice, we suggested that the first four issues appeared to have all been directed at the same general contention: that the officer did not have—at the time Child was seized—a reasonable suspicion that Child was breaking, or had broken, the law. [CN 3] *See State v. Garcia*, 2009-NMSC-046, ¶ 43, 147 N.M. 134, 217 P.3d 1032 (stating that "[a] reasonable suspicion is a particularized suspicion, based on all the circumstances, that a particular individual, the one detained, is breaking, or has broken, the law" (alteration, internal quotation marks, and citation omitted)). In his memorandum in opposition, Child agrees that his docketing statement "raise[d] this singular question

2

by asserting multiple variations of it" [MIO 3, FN 3], and clarifies that the "sole question on appeal is whether [Officer] Dollar had sufficient reasonable suspicion to effectuate the seizure" [MIO 3].

{3} We note that Child appeared to argue in his docketing statement that the phrase "reasonable suspicion" should be interpreted more stringently under the New Mexico Constitution than under the federal constitution. [CN 7] In response to our observation in our calendar notice that Child failed to develop this argument by articulating any rationale for doing so, or by explaining how an analysis should differ under the state constitution as to afford him heightened protection [CN 7], *see State v. Garcia*, 2002-NMCA-050, ¶ 9, 132 N.M. 180, 45 P.3d 900, Child has chosen not to pursue this contention [*See* MIO 3]. Accordingly, this issue is deemed abandoned. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (stating that when a case is decided on the summary calendar, an issue is deemed abandoned where a party fails to respond to the proposed disposition of the issue). Likewise, as to Child's fifth issue—whether there was probable cause to support Child's arrest—we indicated in our calendar notice that we were not convinced that this issue was adequately preserved in the children's court or reserved for appeal. [CN 8-9] In his memorandum in opposition, Child has explicitly chosen not to make any argument on this point.

[*See* MIO 3, FN 3] Thus, this issue is deemed abandoned as well. *Garcia*, 2002-NMCA-050, ¶ 9.

{4}     We focus our attention, then, on Child's one contention on appeal; that is, whether Child's seizure was supported by reasonable suspicion. [MIO 3] "Questions of reasonable suspicion are reviewed de novo by looking at the totality of the circumstances to determine whether the detention was justified." *State v. Hubble*, 2009-NMSC-014, ¶ 5, 146 N.M. 70, 206 P.3d 579 (internal quotation marks and citation omitted). "[A]n officer may stop and detain a citizen if the officer has a reasonable and articulable suspicion that the person stopped is or has been involved in criminal activity." *State v. Watley*, 1989-NMCA-112, ¶ 17, 109 N.M. 619, 788 P.2d 375.

{5}     As we outlined in our calendar notice, Officer Dollar of the Las Cruces Police Department testified at the suppression hearing that he was patrolling in the area of Young Park and the Woodcrest Apartments at 2:00 a.m. due to an increased number of criminal incidents—prowlers, suspicious activity, car alarms, and burglaries—taking place there in the recent past. [CN 2] Officer Dollar testified that he observed Child running from the apartments toward the park, wearing a backpack and holding something in his hand. [CN 2] Child, upon seeing Officer Dollar, slowed down, then increased his speed, changed directions, and ran directly toward a

4

dumpster. [CN 2] Child threw the item he was carrying into the dumpster and then hid behind the dumpster. [CN 2] When Officer Dollar approached, the Child ran away. [CN 3]

{6} Our Supreme Court has held that unprovoked flight, when combined with presence in a high-crime area, provides the individualized reasonable suspicion to justify an investigatory stop under the Fourth Amendment. *See State v. Harbison*, 2007-NMSC-016, ¶¶ 15-24, 141 N.M. 392, 156 P.3d 30 (discussing the analysis set forth in *Illinois v. Wardlow*, 528 U.S. 119 (2000)). We suggested in our calendar notice that based upon the totality of the circumstances in this case, including but not limited to Child's unprovoked flight, we were not convinced that the children's court erred in finding that Officer Dollar had a reasonable suspicion that Child was involved, or had been involved, in criminal activity. [CN 5-6]

{7} In his memorandum in opposition, Child raises two broad challenges to our proposed conclusion. First, Child argues that there was no unprovoked flight in this case. [MIO 5, 7] Second, Child contends that at the time Officer Dollar decided to seize him, he did not have a reasonable suspicion to do so. [MIO 5] We address each challenge in turn.

{8} Relying on the dissent in *Wardlow*, Child asserts that Officer Dollar's testimony regarding unprovoked flight on the part of Child was insufficient to give rise to

reasonable suspicion. [MIO 6-7] Specifically, Child asserts that: he was already running when Officer Dollar first saw him; there was no testimony that Officer Dollar was wearing a police uniform or driving a marked police unit; wearing a backpack is not a suspicious activity; and presence in a high-crime area alone is not sufficient to provide reasonable suspicion. [MIO 5, 7] We note, however, that the testimony established that at two o'clock in the morning, Child was seen running, wearing a backpack and carrying something in his hands, from the parking lot of an apartment complex where there had been an increasing number of criminal incidents. In fact, Officer Dollar was patrolling that particular area because of the increase in criminal activity. When Child saw Officer Dollar—whether he recognized him as a police officer or not—he slowed down, changed directions, and sped up again; he threw the item he was holding into a dumpster; and then he hid behind the dumpster. It was in this context that Officer Dollar decided to investigate Child. As Officer Dollar approached the dumpster to do so, Child ran away. At that point, Officer Dollar identified himself as a police officer and yelled-out multiple commands for Child to stop. Consequently, even if we were to discount Child's unprovoked flight given the lack of testimony about whether Officer Dollar was clearly identifiable as a police officer, and the fact that Child was already running when initially observed by Officer

6

Dollar, we conclude that the totality of the circumstances in this case still supports a finding of reasonable suspicion.

{9}     In our calendar notice, we proposed to agree with Child that he was seized, for purposes of Article II, Section 10, at the point when Officer Dollar identified himself as a police officer and commanded Child to stop running. *See State v. Jason L.*, 2000-NMSC-018, ¶ 19, 129 N.M. 119, 2 P.3d 856 (stating that we look at whether a show of authority was employed such that a reasonable person would have believed he was not free to leave). [CN 4-5] "The point at which the seizure occurs is pivotal because it determines the point in time the police must have reasonable suspicion to conduct an investigatory stop." *Harbison*, 2007-NMSC-016, ¶ 10. Although Child argued below and in his docketing statement that he was seized at the point when Officer Dollar commanded him to stop running, he argues in his memorandum in opposition that "suppression was appropriate because [Officer] Dollar admitted that he was planning to conduct an investigatory detention" even prior to Child's "flight" from the dumpster, and that Officer Dollar did not have reasonable suspicion at the time he intended to seize Child. [MIO 5] To the extent that Child is contending that reasonable suspicion must exist at the time an officer decides to investigate, as opposed to the point in time when the person is actually seized, we are not persuaded. *See Jason L.*, 2000-NMSC-018, ¶ 20 ("Reasonable suspicion must exist at the inception of the

seizure."); *see also State v. Baldonado*, 1992-NMCA-140, ¶ 17, 115 N.M. 106, 847 P.2d 751 (stating that an officer's subjective intent is relevant only to the extent that it would bear on the beliefs of a reasonable person in the defendant's shoes). Here, Child does not argue that Officer Dollar's subjective intent in any way caused him to believe that he was not free to leave prior to Officer Dollar's verbal command to stop running.

{10}     Therefore, we conclude that Officer Dollar had a reasonable suspicion, based on the totality of the circumstances, that Child was, or had been, involved in criminal activity at the point when he identified himself as a police officer and commanded Child to stop running.

{11}     Accordingly, for the reasons stated above, as well as those provided in our notice of proposed disposition, we affirm.

{12}     **IT IS SO ORDERED.**


_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**

8

_____

**JONATHAN B. SUTIN, Judge**